## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**P. Q. and L. Q.,**[1] **Individually, and as parents and next friends of their minor child, B.Q.,**

    **Plaintiffs,**            **Case No.:**

**v.**                         **JURY TRIAL DEMANDED**

**RETREAT AT CARROLLWOOD ASSOCIATION, INC.,**

    **Defendant.**

_____/

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## PRELIMINARY STATEMENT

1.     Plaintiffs P.Q. and L.Q. are the parents at all relevant times of a nine-year-old disabled son who suffers from autism spectrum disorder, ADHD, intellectual disability, and microcephaly.

2.     Despite his age, their son is nonverbal and functions at the developmental level of a twelve to fifteen-month-old.

3.     Due to his severe disabilities, the child engages in self-regulatory behaviors including arm flapping and auditory vocalizations.

4.     His favorite place and primary source of happiness is being outside in the family's backyard.

---

[1] A motion to proceed under a pseudonym will be forthcoming.

5.     Defendant, Retreat at Carrollwood Association, Inc., initiated legal action against the Family alleging noise violations that directly targeted B.Q.'s disability-related vocalizations.

6.     Plaintiffs bring this action against Defendant to enforce their rights under the federal Fair Housing Act ("FHA"), 42 U.S.C. §3601, *et seq.*

## JURISDICTION AND VENUE

7.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 (federal question).

8.     Venue is proper pursuant to 28 U.S.C. §1391(b).

## PARTIES

9.     At all relevant times, Plaintiffs were residents of Tampa, Hillsborough County, Florida.

10.    At all relevant times Plaintiffs resided in the Retreat at Carrollwood community.

11.    Plaintiffs P.Q. and L.Q. are the married parents and legal guardians of their disabled son, Plaintiff B.Q.

12.    At all relevant times, B.Q.  was a nine-year-old child who qualifies as a handicapped person as defined by the FHA, in that he has physical and mental impairments, including autism spectrum disorder, ADHD, intellectual disability, and microcephaly, which substantially limit one or more of his major life activities. 42 U.S.C. §3602(h)(1).

2

13. At all relevant times Plaintiffs P.Q. and L.Q. were associated with their son, Plaintiff B.Q.

14. Defendant, Retreat at Carrollwood Association, Inc., is a Florida not-for-profit corporation located in Tampa, Hillsborough County, Florida.

15. Defendant, Retreat at Carrollwood Association, Inc., is the homeowners' association for Retreat at Carrollwood.

## STATEMENT OF FACTS / GENERAL ALLEGATIONS

16. The Retreat at Carrollwood is a residential subdivision consisting of approximately 94 single-family homes.

17. Plaintiffs P.Q. and L.Q. purchased their home within the Retreat at Carrollwood and moved into their residence in or around 2021.

18. Plaintiffs P.Q.'s and L.Q.'s son, B.Q., has been diagnosed with autism spectrum disorder, ADHD, a severe intellectual disability, and microcephaly.

19. Plaintiff B.Q. is nonverbal.

20. Plaintiff B.Q. does not understand words or commands.

21. Despite his age at all relevant times of nine years old, Plaintiff B.Q. functions at the developmental level of a twelve to fifteen-month-old.

22. Due to his severe disabilities, Plaintiff B.Q. engages in self-regulatory behaviors including flapping his arms and making auditory vocalizations.

23. These behaviors are involuntary expressions associated with his neurological condition and manifestations of his disability and sensory regulation needs.

3

24. When unable to self-regulate, Plaintiff B.Q. experiences behavioral meltdowns during which he engages in self-harm by punching himself in the head.

25. The family's primary goal is keeping Plaintiff B.Q. happy in order to prevent these meltdowns.

26. Plaintiff B.Q.'s favorite place and primary source of happiness is being outside in the family's backyard, where he can engage in the self-regulatory behaviors.

27. Plaintiffs maintain a small outdoor playhouse in their backyard that Plaintiff B.Q. uses to perform his stimming activities and as a safe area.

28. On April 30, 2025, Plaintiffs received a violation notice from Terra Management Services, Defendant's management company, stating that the playhouse installed in their backyard was visible over the fence from neighboring properties and requesting that the height of the playhouse be reduced to bring it into compliance with the community's architectural and aesthetic guidelines.

29. On June 23, 2025, Plaintiffs P.Q. and L.Q. responded to the violation by formally requesting a reasonable accommodation under the Fair Housing Act from Defendant.

30. Plaintiffs P.Q. and L.Q. explained that their son has a diagnosed disability and that the playhouse serves as an essential sensory-friendly environment where he can engage in stimming behaviors, self-regulate, and reduce anxiety in a safe space.

4

31. On June 27, 2025, Terra Management Services acknowledged receipt of Plaintiffs' response and stated that it had been sent to Defendant for consideration.

32. On or about October 16, 2025, Defendant closed the violation.

33. On January 21, 2026, approximately three months after closing the playhouse violation, Plaintiffs received certified letters from the Prasse-Anderson Law Firm on behalf of Defendant demanding that Plaintiffs engage in mandatory pre-suit mediation regarding alleged violations of the Declaration of Covenants, Conditions, Restrictions and Easements for Retreat at Carrollwood.

34. The certified letters alleged two violations: (1) excessive noise and (2) improper disposal of trash onto neighboring properties, both citing Article III, Section 6 of the Declaration prohibiting any act or use of a Lot which could reasonably cause embarrassment, discomfort, annoyance or a nuisance to anyone.

35. The certified letters required Plaintiffs to respond within 20 days of January 21, 2026 and stated that the mediation conference must be held within 90 days of that date.

36. The letters further warned that if Plaintiffs failed to respond or participate in mediation, suit could be brought against them without further warning.

37. Mediation is a condition precedent before a lawsuit can be filed under state law.

38.     Prior to receiving the certified letters on January 21, 2026, Plaintiffs had received no prior warnings or violations filed against them for excessive noise or trash disposal issues from either Defendant or the Management Company.

39.     The noise complaints alleged in the January 21, 2026 letters directly target Plaintiff B.Q.'s disability-related auditory vocalizations and other sounds that are manifestations of his disabilities and the very behaviors he uses to self-regulate.

40.     Defendant never engaged in the interactive process to determine if a reasonable accommodation could be made to minimize or eliminate any potential noise from Plaintiff B.Q. before forcing Plaintiffs into legal proceedings under state law.

41.     Plaintiffs voluntarily lowered the height of the playhouse to ameliorate any purported noise complaints.

42.     However, as a result of Defendant's actions of initiating mandatory mediation, Plaintiffs suffered damages.

43.     The instant lawsuit follows.

### CLAIMS FOR RELIEF

### Count I – 42 U.S.C. §3604(f)(2)

44.     Plaintiffs hereby incorporate Paragraphs 1-43 by reference.

45.     Defendant violated the FHA by discriminating against Plaintiffs by failing to make reasonable accommodations in rules, policies, practices, or services

when such accommodations are necessary to afford Plaintiff B.Q. equal opportunity to use and enjoy the family dwelling.

46. Defendants failed to engage Plaintiffs in the interactive process to see if any accommodation could mitigate or eliminate any noise or other complaint received.

47. Instead, Defendant initiated legal proceedings against Plaintiffs.

48. Defendant's actions as described herein were callous and showed a reckless disregard for Plaintiffs' rights under the FHA.

49. As a result of Defendant's actions, Plaintiffs have suffered injury and seek damages, including but not limited to: actual damages, which include economic damages and damages for the humiliation and indignity of being discriminated against; and punitive damages for Defendants' callous and reckless disregard of their rights.

## Count II - 42 U.S.C. §3617

50. Plaintiffs hereby incorporate Paragraphs 1-43 by reference.

51. Defendant violated the FHA by interfering with Plaintiffs use and enjoyment of their home and coerced and intimidated Plaintiffs for exercising their rights under the FHA.

52. Defendant initiated legal action against Plaintiffs in January 2026 alleging noise violations targeting their son's disability-related behaviors by requiring them to participate in mediation or face a lawsuit.

53. Defendant failed to send any notice of violation prior to initiating legal proceedings.

54. Defendant failed to engage in the interactive process to see if any accommodation could mitigate or eliminate any purported noise or other complaint before taking legal action against Plaintiffs.

55. Defendant's actions as described herein were callous and showed a reckless disregard for Plaintiffs' rights under the FHA.

56. As a result of Defendant's actions, Plaintiffs have suffered injury and seek damages, including but not limited to: actual damages, which include economic damages and damages for the indignity and humiliation of being discriminated against; and punitive damages for Defendant's callous and reckless disregard of their rights.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court enter an order:

A. Declaring that Defendant violated Plaintiffs' rights under the Fair Housing Act as set forth in Counts I;

B. Declaring that Defendant violated Plaintiffs' rights under the Fair Housing Act as set forth in Counts II;

C. Entering a permanent injunction enjoining Defendant from future violations of the Fair Housing Act and from taking action against Plaintiffs based on Plaintiff B.Q.'s disability;

8

D. Granting Judgment in favor of Plaintiffs including an award of actual damages and punitive damages under the Fair Housing Act, plus costs and attorneys' fees under 42 U.S.C. §1988 and any other applicable statute; and

E. Granting such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a jury trial on all issues so triable in this action.

Dated: June 15, 2026

Respectfully submitted,

/s/ Adria Lynn Silva
Adria Lynn Silva, Lead Counsel
Florida Bar No.: 0137431
**Sass, Everhart & Silva, P.A.**
601 West Dr. Martin Luther King, Jr. Boulevard
Tampa, Florida 33603
Phone: (813) 251-5599
Fax: (813) 259-9797
Primary: asilva@sasslawfirm.com
Secondary: sgreinke@sasslawfirm.com
Secondary: reception@sasslawfirm.com
*Attorney for Plaintiffs*